| | | |
|---|---|---|
| RONALD TAYLOR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:13-CV-369 |
| | ) | (JORDAN/GUYTON) |
| BRADLEY KIDWELL, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| RONALD TAYLOR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:13-CV-370 |
| | ) | (JORDAN/GUYTON) |
| JASON STOKES, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| RONALD TAYLOR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:13-CV-371 |
| | ) | (JORDAN/GUYTON) |
| RICHARD SCARBROUGH, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| RONALD TAYLOR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:13-CV-372 |
| | ) | (JORDAN/GUYTON) |
| JASON LAWSON, | ) | |
| | ) | |
| Defendant. | ) | |

# REPORT AND RECOMMENDATION

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and the referral of the District Judge [Doc. 63].

Now before the Court is a Motion for Restraining Order filed in 3:13-cv-369 [Doc. 58], 3:13-cv-370 [Doc. 54], 3:13-cv-371 [Doc. 54], 3:13-cv-372 [Doc. 54]. Therein, the Plaintiff moves the Court for a restraining order against all members of the Clinton City Police Department, all members of the Sheriff's Department, and the following individuals: Chief Scarborough, Sgt. Stokes, Officer Lawson, Officer Kidwell, Officer Bailey, Officer White, Officer Gillam, Officer Owenby, and Officer Johns. The Motions are now ripe for adjudication, and for the reasons stated herein, the undersigned will **RECOMMEND** that the motions be **DENIED**.

The Movant did not provide legal argument regarding the Rule, Statute, or case law in which he bases his request. The Court assumes that the Movant's request is pursuant to Federal Rules of Civil Procedure, Rule 65. According to Rule 65, a temporary restraining order is an extraordinary remedy whose purpose is to preserve the status quo. See, Rule 65, Federal Rules of Civil Procedure. Courts grant a temporary order at the request of one party to prevent the other party from pursuing a particular course of conduct until the conclusion of a trial on the merits.

The Court may grant a Rule 65, preliminary injunction and/or temporary restraining order if the moving party establishes four requirements: (1) the movant's likelihood of success on the merits; (2) whether the movant will suffer irreparable injury without a preliminary injunction; (3) whether issuance of a preliminary injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of a preliminary injunction. Amer. Imaging Services, Inc. v. Eagle–Picher Indus., Inc. (In re Eagle–Picher Indus., Inc.), 963 F.2d

855, 858 (6th Cir.1992). These four considerations are factors to be balanced and not prerequisites that must be satisfied. Id. at 859. "These factors simply guide the discretion of the court; they are not meant to be rigid and unbending requirements." Id.

Upon consideration of the issues raised, the undersigned concludes that the Movant has failed to provide enough information to satisfy the above mentioned factors to be balanced to obtain a temporary restraining order. Among other things, the Movant has failed to show that the threatened harm is sufficiently immediate so as to warrant the extraordinary remedy of a temporary restraining order. Without clarity from the Movant's request, this Court has determined that the Motion for Restraining Order must be denied.

The undersigned Magistrate Judge does not have the authority to render a dispositive ruling on a motion for injunctive relief. Accordingly, this Court **RECOMMENDS**[1] to the District Judge that Plaintiff's Motion for Restraining Order filed in **3:13-cv-369 [Doc. 58], 3:13-cv-370 [Doc. 54], 3:13-cv-371 [Doc. 54], 3:13-cv-372 [Doc. 54]** is not well-taken and should be **DENIED**.

**IT IS SO ORDERED**

ENTER:

*Bruce Guyton*
United States Magistrate Judge

---

[1] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).